IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 99-00107 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR COMPASSIONATE |
| | ) | RELEASE |
| | ) | |
| vs. | ) | |
| | ) | |
| Christopher Jose Cisneros, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE**

**I.      INTRODUCTION.**

In 1999, Defendant Christopher Jose Cisneros was sentenced to life in prison for having possessed 50 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  At the time, a life sentence was mandatory because of his two prior convictions.  In 2018, however, Congress amended 21 U.S.C. § 841 as part of the First Step Act.  Under today's law, Cisneros would face a mandatory minimum sentence of 15 years for his drug offense (in addition to his 20-year sentence for a separate offense).

Congress did not make that amendment to § 841 retroactive.  Cisneros nevertheless seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) given the change in the law.  On the present record, this court is not persuaded.  Although the First Step Act's changes to § 841 may justify a defendant's early

release in some circumstances, Cisneros has not established that his circumstances constitute extraordinary and compelling reasons warranting a reduction in his sentence. The court notes, however, that, on a different record, the court might indeed grant relief to Cisneros.

**II.     ANALYSIS.**

Cisneros's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must (1) find that the defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request; (2) also find, after considering the factors set forth in section 3553(a),

that extraordinary and compelling reasons warrant a sentence reduction; and (3) find that such a reduction is consistent with the Sentencing Commission's policy statements.

> **A.  Cisneros has satisfied the time-lapse requirement of 18 U.S.C. § 3582(c)(1)(A).**

As to exhaustion, it appears that because Cisneros submitted an administrative compassionate release request to the warden of his prison more than 30 days before filing this motion, *see* ECF No. 96, PageID # 264, he has satisfied the time-lapse requirement of 18 U.S.C. § 3582(c)(1)(A).  The Government is not contesting Cinseros's satisfaction of the exhaustion requirement.

> **B.  This court has discretion in determining whether extraordinary and compelling reasons justify a reduced sentence.**

This court therefore turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction.  This court recognizes that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release.  *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020); *see also Woolem v. United States*, 2020 WL 2820140, at *4 (D. Haw. May 29, 2020); *United States v. Maka*, 2020 WL 2544408, at *3 (D. Haw. May 19, 2020).

The Government challenges that conclusion. Under § 3582(c)(1)(A), a court's finding of extraordinary and compelling circumstances must be consistent with the applicable policy statement promulgated by the Sentencing Commission. That policy statement permits the Director of the Bureau of Prisons, not the courts, to exercise discretion in finding the existence of extraordinary and compelling circumstances. U.S.S.G. § 1B1.13; *see also* ECF No. 99, PageID # 291-93.

This court's prior decisions recognized that a court's finding of extraordinary and compelling circumstances must be consistent with the Sentencing Commission's policy statement. *Kamaka*, 2020 WL 2820139, at *2. However, the policy statement at issue has not been updated since Congress passed the First Step Act in 2018, because the Sentencing Commission has not had enough commissioners to constitute a quorum. *Id.* The First Step Act allows courts to hear motions for compassionate release directly. *See id.* at *3. Before the First Step Act, that authority was reserved for the Director of the Bureau of Prisons. *Id.* Recognizing that courts now possess wide discretion in compassionate release cases is consistent with the policy statement that accorded the Director of the Bureau of Prisons the same discretion before the passage of the First Step Act. *Id.*; *see also Woolem*, 2020 WL 2820140, at *4; *Maka*, 2020 WL 2544408, at *3.

This court is not persuaded by the contrary decisions cited by the Government. It appears that there is a growing consensus that, in light of the First Step Act, courts may exercise broad discretion in finding extraordinary and compelling circumstances. *See, e.g.*, *United States v. Somerville*, 2020 WL 2781585, at *6 & n.6 (W.D. Pa. May 29, 2020) (collecting cases). While some courts have held that they remain bound by the Sentencing Commission's outdated policy statement because the First Step Act did not explicitly overrule it,[1] a court's exercise of broad discretion is in fact consistent with the First Step Act itself and with the Sentencing Commission's policy statements promulgated before the passage of the First Step Act.

### C. Cisneros has not demonstrated that extraordinary and compelling circumstances justify his early release.

In any event, extraordinary and compelling

---

[1] *See, e.g.*, *United States v. Ebbers*, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (the First Step Act "only expanded access to the courts; it did not change the standard"); *United States v. Willingham*, 2019 WL 6733028, at *2 (S.D. Ga. Dec. 10, 2019) (rejecting the majority of decisions holding that courts may exercise discretion because they "rest upon a faulty premise that the First Step Act somehow rendered the Sentencing Commission's policy statement an inappropriate expression of policy"); *United States v. Shields*, 2019 WL 2359231, at *4 (N.D. Cal. June 4, 2019) ("Shields has not cited, and the Court has not discovered, any authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments.").

circumstances are not present here.  Cisneros's main argument is that "the dramatic change time has wrought in the sentences applicable to his offenses is an extraordinary and compelling reason to reduce his life sentence to the 15-year sentence he would receive if sentenced under today's version of the Controlled Substances Act or, at worst, to the 21 years he has in fact served."  ECF No. 96, PageID # 261.  As Cisneros asserts, the First Step Act reduced the mandatory minimum sentences for repeat offenders under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 401(c).  Congress, however, did not make that provision retroactive to cases such as Cisneros's.  *See United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019); *see also* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 401(c) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.").  Consequently, this court hesitates to conclude that it should reduce Cisneros's sentence solely on the ground that the change in the law constitutes an extraordinary and compelling circumstance.  Otherwise, every inmate who might receive a reduced sentence today would be eligible for compassionate release, and Congress's decision not to make the First Step Act retroactive would be meaningless.

Having said that, this court notes that extraordinary and compelling circumstances might justify a defendant's release if that defendant would receive a reduced sentence under the First Step Act and other factors also supported an early release. *See, e.g., United States v. Bryant*, 2020 WL 2085471, at *3 (D. Md. Apr. 30, 2020) ("[I]t is not unreasonable for Congress to conclude that not all defendants convicted under § 924(c) should receive new sentences, even while expanding the power of the courts to relieve some defendants of those sentences on a case-by-case basis." (quotation marks omitted)).  For instance, a defendant who would now be subject to a reduced sentence and who is particularly vulnerable to COVID-19 might show entitlement to compassionate release.  A defendant might also show that he has already served a considerably longer sentence than he would receive today and might also present compelling evidence of his rehabilitation.  However, this court does not need to decide at this point exactly when a defendant who would receive a lower sentence today might be entitled to compassionate release.  On the present record, Cisneros has not shown that he is entitled to early release.

Cisneros contends that he is vulnerable to COVID-19 because of "respiratory problems that require the use of an inhaler."  ECF No. 96, PageID # 266.  That cursory description of his condition leaves this court with more questions than answers.

7

*See Woolem*, 2020 WL 2820140, at *5. This court cannot determine the severity of Cinseros's respiratory problems, or whether they are being controlled by medication or other treatment. On the present record, Cisneros has not established that the coronavirus is particularly dangerous to him. *See id.*

Nor does Cisneros present compelling evidence of his rehabilitation. Indeed, he has been repeatedly disciplined for misconduct during his incarceration. ECF No. 99-2, PageID # 312-316. That misconduct includes several instances of fighting with other inmates, the possession of unauthorized weapons, and possession or use of drugs, most recently in 2017. *Id.* This court recognizes that an individual sentenced to life in prison may have little motivation to comply with all restrictions.[2] Whatever the basis for the misconduct, this court cannot conclude that Cisneros has been rehabilitated.[3]

And Cisneros does not even argue that he would have

---

[2] Cisneros should still have had some motivation to comply with the rules. Even before the amendment of the First Step Act, Cisneros could have asked the BOP to move for his compassionate release, although the BOP would likely be even less inclined than an Article III judge to conclude that someone in Cisneros's circumstances qualified for compassionate release under the "catch-all" provision in the Sentencing Commission's policy statement.

[3] Cisneros argues that, even if he has not been rehabilitated, he will not pose a threat to anyone in the United States because he will be deported to Mexico if he is released. But Cisneros entered the United States illegally with drugs. Given his apparent ongoing drug use, the risk that he will repeat his crime cannot be dismissed out of hand.

been limited to 15 years in prison had he been sentenced today. With respect to time, Cisneros has already served 21 years in prison and would face a mandatory minimum of 15 years on the drug offense rather than mandatory life if he were sentenced today. But Cisneros was sentenced to mandatory life on the drug charge and concurrently to 240 months on the charge of having illegally reentered the United States following deportation, a sentence he does not argue the First Step Act changed. It is not clear to the court whether he might have earned good time credit on the illegal reentry count, or whether his infractions while incarcerated would have counted against that. The point is that Cisneros might not necessarily have been released after 15 years (or earlier if he had good time credit) had he been sentenced under the amended law. Admittedly, with or without good time credit, he would certainly have completed his 240-month sentence on the illegal reentry count by now. The court is not saying he would still be in prison. The court is only saying that Cisneros cannot say he would have gotten out as many as six years ago.

  Cisneros's circumstances may change. As time passes, the disparity between the sentence Cisneros has already served and the sentence he could receive under the First Step Act will increase. Moreover, if his behavior in prison improves, Cisneros may be able to show that he has been rehabilitated. At this point, the most the court can say is that, as things stand today,

Cisneros has not shown that extraordinary and compelling circumstances support his release.

Because this order may lead Cisneros to bring another motion in the future, this court wants to be clear about what it is and is not ruling here.

The court is ruling that Cisneros has not shown entitlement to compassionate release *at present*. This court is confining this order to the present record and the present state of the law. Earlier in this order, this court noted that it is reading § 3582(c)(1)(A) as vesting this court with considerable discretion given the "catch-all" provision in the Sentencing Commission's policy statement. Right now this court reads the statute as allowing the court to consider a change in the sentencing regime as a factor in whether compassionate release should be ordered. The court nevertheless concludes that, not having made that change in the sentencing regime retroactive, Congress did not intend that the change alone would justify an early release. This court might weigh the change in the law differently if the United States joined in Cisneros's request. *Cf. United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014) (reopening proceedings to reduce a sentence with the agreement of the Government). That has not happened.

This court therefore examines whether other factors, such as Cisneros's medical situation in the midst of a pandemic,

his behavior while incarcerated, and the time he has already served, to see whether those factors add enough to the change in the sentencing regime to justify compassionate release at this time.  This court discussed those other factors earlier and found them insufficient to justify early release.

The court is not ruling that it will never order compassionate release in this case.  Nor is the court committing to releasing Cisneros in the future on some different record.  As noted earlier in this order, Cisneros has had a number of infractions while incarcerated.  His last reported drug infraction was in 2017.  It could be argued that the gap between then and now is sufficiently long that this court need not worry that he continues to use drugs.  But Cisneros's disciplinary record includes reports of infractions separated by three or even four years, suggesting that the gap since 2017 does not indicate that he has overcome his drug problem.  The court is well aware that many individuals complete significant prison terms without overcoming drug problems, and that Cisneros is no worse than they are in that regard.  Cisneros, however, has the burden of showing extraordinary and compelling reasons for early release.  This court is ruling here that something more than what he has so far shown is needed for him to meet that burden.

**III.     CONCLUSION.**

Cinseros's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

It is so ordered.

DATED: Honolulu, Hawaii, June 9, 2020.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Cisneros*, Cr. No. 99-00107 SOM; ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE