IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 99-00107 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | CHRISTOPHER JOSE CISNEROS' |
| | ) | RENEWED MOTION FOR |
| | ) | COMPASSIONATE RELEASE |
| vs. | ) | |
| | ) | |
| CHRISTOPHER JOSE CISNEROS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT
CHRISTOPHER JOSE CISNEROS' RENEWED MOTION FOR COMPASSIONATE
RELEASE**

**I.      INTRODUCTION.**

In 1999, Defendant Christopher Jose Cisneros was sentenced to life in prison for having possessed 50 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  At the time, a life sentence was mandatory because of his two prior convictions.  In 2018, however, Congress amended 21 U.S.C. § 841 as part of the First Step Act.  Under today's law, Cisneros would face a mandatory minimum sentence of 15 years for his drug offense (in addition to his 20-year sentence for a separate offense).

In May 2020, Cisneros moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Cisneros argued that the disparity between the life sentence that he received in 1999 and the sentence that he would have received today under the First

Step Act was an extraordinary and compelling circumstance that justified his early release. After considering Cisneros' failure to present compelling evidence of his rehabilitation and the absence of a significant disparity between the 20-year sentence Cisneros would have received even under today's law and the 21 years that he had served, this court ruled that, based on the record before it, early release was not warranted. ECF No. 102, PageID # 342-46. Recognizing that the change in the law was among circumstances that this court could consider, the court noted that Cisneros could bring a new motion when he could provide more persuasive evidence of rehabilitation.

Cisneros has now renewed his request for compassionate release. In his renewed request, he contends that he should be released because newly identified conditions, such as his obesity, make him vulnerable to complications if he contracts COVID-19. After considering Cisneros' medical condition, the disparity between the time he has already served and the sentence that he would have received today under the First Step Act, and his history, this court again, but with considerable reluctance, concludes that Cisneros has not demonstrated that extraordinary and compelling circumstances warrant a reduction in his sentence. In issuing this denial, the court notes that, as recently as October 2020, Cisneros faced prison discipline for having participated in a physical altercation. While the court does not

think Cisneros needs to have decades of clean behavior in prison to persuade this court, recent discipline involving violence gives this court considerable pause.

**II.     ANALYSIS.**

Cisneros' compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must (1) find that the defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request; (2) also find, after considering the factors set forth in section 3553(a), that extraordinary and compelling reasons warrant a sentence reduction; and (3) find that such a reduction is consistent with

3

the Sentencing Commission's policy statements. *United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

### A. Cisneros has Satisfied the Time-Lapse Requirement of 18 U.S.C. § 3582(c)(1)(A).

Cisneros argues that, because he submitted an administrative compassionate release request to the warden of his prison more than 30 days before filing his initial compassionate release motion, *see* ECF No. 96, PageID # 264, he has satisfied the time-lapse requirement of § 3582(c)(1)(A). ECF No. 102, PageID # 348. The Government agrees that "the Court may consider the Defendant's exhaustion requirement satisfied for the purpose of deciding" this motion. ECF No. 106, PageID # 393. Based on the Government's concession, this court finds that Cisneros has satisfied the first requirement of § 3582(c)(1)(A).

### B. This Court Has Discretion in Determining Whether Extraordinary and Compelling Reasons Justify a Reduced Sentence.

This court turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction. In orders addressing compassionate release motions in other cases, this court has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release. This court has also stated that, in reading § 3582(c)(1)(A) as

providing for considerable judicial discretion, the court is well aware of the absence of an amended policy statement from the Sentencing Commission reflecting the discretion given to courts when Congress amended the statute to allow inmates themselves to file compassionate release motions. *United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020). Specifically, this court has recognized that an Application Note to a relevant sentencing guideline is outdated.  This court continues to view its discretion as not limited by Sentencing Commission pronouncements that are now at odds with the congressional intent behind recent statutory amendments. *Mau*, 2020 WL 6153581; *see also United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) ("[W]e read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *cf. United States v. Ruffin*, 978 F.3d 1000, 1007-08 (6th Cir. Oct. 26, 2020) (noting that some courts have held that the Application Note is not "applicable," but not deciding the issue).

        **C.    Cisneros Has Not demonstrated that Extraordinary and Compelling Circumstances Justify his Early Release at This Time**.

For the second time, Cisneros argues that extraordinary and compelling circumstances justify his early release.  In his

first motion, Cisneros contended that early release was warranted because of the disparity between his life sentence and the sentence he would have received today under the First Step Act. This court disagreed.  Three facts were particularly relevant: (1) there was not a significant disparity between the amount of time Cisneros had spent in prison and the sentence he would have received today because, even under the First Step Act, Cisneros would have received a sentence of 20 years in prison, ECF No. 102, PageID # 342-43;[1] (2) Cisneros had "not established that the coronavirus [was] particularly dangerous to him," *id.* at 342, and (3) Cisneros had failed to present compelling evidence of his rehabilitation.  *Id.*

After weighing those facts, this court concluded that Cisneros had failed to show that extraordinary and compelling circumstances warranted a reduction in his sentence.  *Id.* at 344-45.  However, this court also recognized that "[a]s time passes, the disparity between the sentence Cisneros has already served and the sentence he could receive under the First Step Act will increase" and that "if his behavior in prison improves, Cisneros

---

[1] Cisneros contends that, but for the mandatory life sentence imposed on the drug count, this court would not have imposed 20 years for the separate offense of illegal re-entry after deportation.  ECF No. 111, PageID # 489.  Cisneros is engaging in speculation, and he concedes that what sentence he might receive under today's laws "is not really the point."  *Id.*

may be able to show that he has been rehabilitated." *Id.* at 343. This court therefore noted that Cisneros could apply for compassionate release again in the future. *Id.* at 344.

Cisneros has now done just that. In his renewed motion, he does not argue that, in the six months that have passed since this court denied his first motion, the disparity between the sentence he has already served and the sentence he would have received under the First Step Act has increased dramatically. Nor, as discussed in detail below, has he presented new evidence of his rehabilitation. Instead, the only new argument that he makes is that certain underlying medical conditions that he did not identify in his first motion make him more susceptible to complications if he contracts COVID-19. Those conditions, standing alone, do not change this court's conclusion.

In his renewed motion, Cisneros contends that three conditions increase his risk of a severe illness if he contracts COVID-19: obesity, Hepatitis C, and his race (Hispanic). ECF No. 103, PageID # 350-51. Based on the present record, it does appear that Cisneros is obese, because his BMI is 34.7.[2] ECF No.

---

[2] In his reply, Cisneros asserted that he weighed 275 pounds in 2019, and that his sister reported that he was 270 pounds. Cisneros did not, however, provide any basis for his sister's conclusion or state when she learned that fact. ECF No. 111, PageID # 490-91. After this court requested more information, Cisneros explained that his "sister confirmed his weight over the Christmas holiday via email," and that Cisneros

7

116, PageID # 625. Under the CDC's guidance, Cisneros' obesity increases his risk of a serious illness if he contracts COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited January 11, 2021).

Cisneros has provided less support for his claims that his Hepatitis C and his race increase the threat that the coronavirus poses to him. There appears to be no dispute that Cisneros' Hepatitis C has been treated. Earlier this year, Cisneros received Mavyret, a drug that is supposed to cure Hepatitis C. After he completed his treatment, he had an "undetectable viral load." ECF No. 109, PageID # 414-16. In an earlier order, this court noted that there do not appear to be any scientific studies that show that COVID-19 is more dangerous to individuals who have Hepatitis C but are asymptomatic. *Mau*, 2020 WL 6153581, at *5. Cisneros certainly has not cited any evidence showing that individuals whose Hepatitis C has been *treated* still may be at risk from the coronavirus.

As to his race, Cisneros contends that because he is Hispanic, that "increases his risk of contracting and suffering

---

himself reported that he was "270 pounds and that he remains 6 feet, 2 inches tall." ECF No. 116, PageID # 625. However, Cisneros did not, as this court directed, explain how he reached that conclusion.

complications from Covid-19." ECF No. 103, PageID # 350. In response, the Government maintains that while "[t]here are inequalities relating to socioeconomic status that puts some individuals (such as Hispanics) at higher risk of contracting COVID-19," there isn't anything "specific to Hispanic persons that makes them more vulnerable to the disease just because of their ethnicity." ECF No. 106, PageID # 398. A New York Times article published shortly before Cisneros filed his renewed motion explains that "new studies [] suggest that there is no innate vulnerability to the virus among Black and Hispanic Americans." Gina Kolata, *Social Inequities Explain Racial Gaps in Pandemic, Studies Find*, N.Y. Times, Dec. 9, 2020, https://www.nytimes.com/2020/12/09/health/coronavirus-black-hispanic.html. "Instead, these groups are more often exposed because of social and environmental factors." *Id.*

In any event, based on the assertions in his renewed motion, Cisneros does face heightened risks from COVID-19. Because he is obese, he is more likely to suffer serious complications if he contracts COVID-19, even if his age (50) does not place him in the highest risk group. Moreover, COVID-19 is present at Canaan USP, where Cisneros is housed.[3] Thus, both the fact that he has already served a longer sentence than he would

---

[3] Canaan USP, where Cisneros is housed, reports that 15 inmates and 3 staff members are currently infected with COVID-19. www.bop.gov/coronavirus (last visited January 12, 2021).

9

have received today under the First Step Act and his susceptibility to the coronavirus provide some support for his compassionate release request.

But, under § 3582(c)(1)(A), only extraordinary and compelling reasons justify a reduction in sentence.  Before determining that extraordinary and compelling reasons exist, courts must consider the factors set forth in 18 U.S.C. § 3553.  Under Section 3553, one of the relevant considerations is evidence of a defendant's rehabilitation.  *See* 18 U.S.C. § 3553(a)(1)-(2).  In its first order, this court noted that, given Cisneros's extensive record of discipline for misconduct during his incarceration, he had not demonstrated that he had been rehabilitated.  ECF No. 102, PageID # 342.  This court also warned Cisneros that, in any future compassionate release motion, his disciplinary record would be an important consideration.  *Id.* at 344-45.

Shortly after that warning, Cisneros was again disciplined, this time for fighting.  Although Cisneros argues that he acted to defend another inmate, the only evidence in the record is Canaan USP's incident report.  That report cites video evidence showing that Cisneros became involved in a fight, and that, during the altercation, he "actively exchang[ed] closed fist punches" with other inmates.  ECF No. 111-6, PageID # 516.  In light of this new misconduct, it is even more difficult to

10

conclude that Cisneros has been rehabilitated.[4]

This court now weighs Cisneros's medical situation in the midst of a pandemic, his behavior while incarcerated, and the time he has already served and determine whether those factors justify compassionate release. As in its prior order, this court concludes that the considerations raised by Cisneros, while important, are not outweighed by the absence of evidence of Cinseros' rehabilitation and therefore do not rise to the level of extraordinary and compelling circumstances that justify a reduction in his sentence at this time.[5] Again, with the passage

---

[4] The absence of compelling evidence of rehabilitation distinguishes this case from the Fourth Circuit's decision in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). Each of the defendants in that case presented such evidence. *Id.* at 278 ("Finally, the district court cited McCoy's rehabilitation."); *id.* at 279 ("They also relied on their exemplary prison records and other evidence of rehabilitation."); *id.* at 288 ("The courts took seriously the requirement that they conduct individualized inquiries, basing relief not only on the First Step Act's change to sentencing law under § 924(c) but also on such factors as . . . . their post-sentencing conduct and rehabilitation. . . .").

[5] Cisneros also maintains that even if this court does not order his immediate release, it should "reduc[e] his life sentence to, say, 23 years." ECF No. 103, PageID # 357. But, because "the timing of [Cisneros'] present motion is driven by the threat of contracting COVID-19, it makes little sense for the court to order release at a date years in the future, when COVID-19 will presumably not be an issue." *United States v. Lavatai*, 2020 WL 4275258, at *5 (D. Haw. July 24, 2020). If Cisneros wishes to bring another motion for compassionate release, he may do so, and this court will evaluate the evidence related to his circumstances and his rehabilitation at that time. This court assures Cisneros that, even without a pandemic, the court intends to give serious weight to any circumstances he may raise in a future motion, particularly but not exclusively the length of time he has served and the statutory changes. Cisneros

of time, those considerations may change. But, based on the present record, Cisneros has not shown that extraordinary and compelling circumstances justify his early release.[6]

**III.    CONCLUSION.**

Cisneros' renewed request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

It is so ordered.

DATED: Honolulu, Hawaii, January 12, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Cisneros*, Cr. No. 99-00107 SOM; ORDER DENYING CHRISTOPHER JOSE CISNEROS' RENEWED MOTION FOR COMPASSIONATE RELEASE

---

has presented serious support for his request for relief, but he has undermined that support with his recent disciplinary issue.

[6] Cisneros also contends that his continued incarceration violates the Eighth Amendment. ECF No. 103, PageID # 357 (citing *Helling v. McKinney*, 509 U.S. 25 (1993)). However, Cisneros does not even discuss the standard applied in the single case he cites: "deliberate indifference to serious medical needs of prisoners violates the [Eighth] Amendment because it constitutes the unnecessary and wanton infliction of pain contrary to contemporary standards of decency." *Helling*, 509 U.S. at 32 (quotation marks omitted). Cisneros does not establish deliberate indifference.