IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 99-00107-SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING |
| | ) | DEFENDANT CHRISTOPHER |
| | ) | JOSE CISNEROS'S MOTION |
| vs. | ) | FOR COMPASSIONATE |
| | ) | RELEASE |
| CHRISTOPHER JOSE CISNEROS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT CHRISTOPHER JOSE CISNEROS'S
MOTION FOR COMPASSIONATE RELEASE**

I.      **INTRODUCTION.**

In 1999, Defendant Christopher Jose Cisneros was
sentenced to life in prison for having possessed 50 grams or
more of methamphetamine with intent to distribute, in violation
of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  At the time, this
life sentence was statutorily mandatory because of his two prior
drug convictions.  He also received a 20-year sentence, to be
served concurrently, for an illegal entry charge in violation of
8 U.S.C. § 1326.  At the time, a life sentence was mandatory
because of his two prior convictions.  In 2018, Congress amended
21 U.S.C. § 841 as part of the First Step Act.  Under today's
law, Cisneros would face a mandatory minimum sentence of 15
years for his drug offense.

In May 2020, Cisneros moved for compassionate release
under 18 U.S.C. § 3582(c)(1)(A).  *See* ECF No. 96.  Cisneros

argued that the disparity between the life sentence he received and the sentence he would have received after passage of the First Step Act was an extraordinary and compelling circumstance warranting his early release. *See* ECF No. 96, PageID # 261-62. He also argued that the court should reduce his sentence because of the threat posed to his health by COVID-19. *See* ECF No. 96, PageID # 266. Because Cisneros failed to convince the court that he was rehabilitated or that his medical condition was particularly concerning, this court denied his motion. *See* ECF No. 102, PageID # 342-46.

Later that year, Cisneros renewed his request for compassionate release. *See* ECF No. 103. He argued that newly identified conditions, such as his obesity, made him especially vulnerable to complications from COVID-19. *See* ECF No. 103, PageID # 350. After considering Cisneros's medical condition, his disciplinary record, and the duration of time he had served, this court denied Cisneros's second motion. *See* ECF No. 117. Cisneros's involvement in a violent altercation shortly before he filed his renewed motion weighed heavily in the court's decision. *See* ECF No. 117, PageID # 638-39.

In September 2022, Cisneros filed his third motion for compassionate release, now before the court. *See* ECF No. 118. In this motion, he argues that early release is warranted because he is rehabilitated and has already served more time than would have been required under the law as

2

amended by the First Step Act.  *See* ECF No. 118, PageID # 644.
In light of the circumstances noted in the record, particularly
the disparity between the sentence he received and the sentence
he would likely receive today, the court grants his motion and
sentences him to time served plus three days.  The factors
detailed in 18 U.S.C. § 3553(a) support this determination.

**II.      ANALYSIS.**

Cisneros's compassionate release request is governed
by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the
> defendant after the defendant has fully
> exhausted all administrative rights to appeal
> a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse
> of 30 days from the receipt of such a request
> by the warden of the defendant's facility,
> whichever is earlier, may reduce the term of
> imprisonment (and may impose a term of
> probation or supervised release with or
> without conditions that does not exceed the
> unserved portion of the original term of
> imprisonment), after considering the factors
> set forth in section 3553(a) to the extent
> that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons
> warrant such a reduction . . . .
>
> and that such a reduction is consistent with
> applicable policy statements issued by the
> Sentencing Commission.

In other words, for the court to exercise its authority under
§ 3582(c)(1)(A), it must initially determine that the defendant
exhausted his administrative remedies or that 30 days have passed
since he filed a compassionate relief request with the warden at

3

his facility.  If a defendant has satisfied the exhaustion requirement, then the court must examine three considerations. First, it must find that extraordinary and compelling reasons warrant a sentence reduction.  Second, it must find that such a reduction is consistent with the Sentencing Commission's policy statements (assuming there are any policy statements applicable to this motion).  Third, it must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to determine under the circumstances presented that the requested reduction in sentence is warranted.  *See United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022)*; see also United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).  "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds."  *United States v. Wright*, 42 F.4th 1063, 1071 (9th Cir. 2022), *amended and superseded (but maintained in relevant part) by United States v. Wright*, 46 F.4th 938 (9th Cir. 2022).

## A.   The Government has Waived the Time-lapse Requirement of 18 U.S.C. § 3582(c)(1)(A).

Cisneros maintains that he filed a compassionate release petition with the warden and allowed thirty days to elapse before filing this motion.  *See* ECF No. 118, PageID # 646. The Government notes that Cisneros provides no evidence of

4

exhaustion on this third motion, but asks this court to address the merits of the motion.  *See* ECF No. 123, PageID # 691. Deeming the Government to be waiving the exhaustion requirement and recognizing that this third motion is akin to a reconsideration motion, this court addresses Cisneros's third motion as if the time-lapse requirement has been either waived or satisfied.  *See United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021)(holding that "§ 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked," rather than a rule that deprives the court of subject matter jurisdiction).

> **B.    This Court Has Discretion in Determining Whether Extraordinary and Compelling Reasons Justify a Reduced Sentence.**

This court turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction.  In addressing other defendants' compassionate release motions, this court has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons justifying early release.

The court's discretion results from the lack of an amended policy statement from the Sentencing Commission concerning compassionate release motions by incarcerated people.

*See e.g.*, *United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020).  Specifically, this court has recognized that an Application Note to a relevant sentencing guideline is outdated.  While vacancies on the Sentencing Commission have recently been filled and the Commissioners have indicated they will promptly consider amendments, this court, in the meantime, continues to view its discretion as not limited by existing Sentencing Commission pronouncements that are now at odds with the congressional intent behind recent statutory amendments.  *See Mau*, 2020 WL 6153581.

The Ninth Circuit has expressly recognized that there is no applicable Sentencing Commission policy statement governing compassionate release motions filed by defendants under § 3582(c)(1)(A), thereby recognizing courts' broad discretion in reviewing these motions.  *See United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021) (per curiam).  Regardless, it should be noted that while the Sentencing Commission's statements in U.S.S.G § 1B1.13 are not binding, they may inform this court's discretion.  *See id*.

6

### C.   Cisneros Has Demonstrated That Extraordinary and Compelling Circumstances Justify His Early Release

Cisneros bears the burden of establishing that extraordinary and compelling reasons warrant his compassionate release.  *See United States v. Kanohokula*, 2021 WL 5411211, at *4 (D. Haw. Nov. 18, 2021).  Considering the disparity between his sentence and the sentence he would likely receive today, as well as his medical conditions, the court concludes that Cisneros satisfies that burden.

Cisneros argues that the disparity between the sentence he received and the sentence he could receive in the wake of the First Step Act should weigh in favor of his early release.  *See* ECF No. 118, PageID # 644.  This court agrees.

The First Step Act reduced the mandatory minimum sentences for repeat offenders under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 401(a).  Congress, however, decided not to make that provision retroactive.  *See id.* at § 401©.  ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.").  As a result, the passage of the First Step Act did not automatically reduce Cisneros's sentence.  This court can nevertheless consider these nonretroactive changes "in

combination with other factors particular to the individual defendant," when analyzing whether there are extraordinary and compelling reasons to reduce Cisneros's sentence.  *United States v. Chen*, 48 F.4th 1092, 1093 (9th Cir. 2022).

Here, there is an extreme disparity between the sentence Cisneros received and the sentence now applicable to a defendant in his position.  Whereas Cisneros received a mandatory life sentence for his drug offense, the mandatory minimum sentence under current law is 15 years.  Cisneros was also sentenced to 20 years, to be served concurrently, for having illegally reentered the United States following deportation. While the disparity between a life sentence and the likely sentence for someone sentenced today might not always result in a reduced sentence, the disparity here is accompanied by significant medical concerns.

In discussing this disparity, the Government underplays its severity by comparing Cisneros's time served with the sentence he would likely receive if sentenced today.  *See* ECF No. 123, PageID # 695.  But this court finds extraordinary and compelling the difference between Cisneros's life sentence and the much shorter sentence he would likely receive if sentenced under current law.

In the record in connection with Cisneros's earlier motions are his weight and his age, which increase his

vulnerability to COVID-19.  The most recent weight and height
data available to the court places Cisneros's BMI at 34.7.  *See*
ECF No. 116, PageID # 625.  The CDC says that a BMI of over 30
makes an individual obese.  *See*
https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english
_bmi_calculator/bmi_calculator.html (last visited Nov. 23, 2022)
(adult BMI calculator).  Obesity increases the risk of developing
several chronic health conditions.  *See id*.  And obese people are
"more likely to get very sick from COVID-19."
https://www.cdc.gov/coronavirus/2019-ncov/need-extra-
precautions/people-with-medical-conditions.html (last visited
Nov. 23, 2022).  COVID-19 remains present at Cisneros's facility.
 *See* https://www.bop.gov/coronavirus/ (last visited
Nov. 23, 2022) (USP Canaan currently has 2 active cases).

Cisneros is 52, and his age compounds the risks he
faces. Drawing on all reported COVID-19 data since the start of
the pandemic, the CDC determines that people in their 50s have
three times the hospitalization rate and twenty-five times the
death rate of people between 18 and 29 years old.  *See*
https://www.cdc.gov/coronavirus/2019-ncov/covid-
data/investigations-discovery/hospitalization-death-by-age.html
(last visited Nov. 23, 2022).

Although this court would not grant this motion based
only on Cisneros's weight, age, and predisposition to contracting

a serious COVID-19 infection, these factors add to the court's
decision; medical issues are often at the heart of determinations
as to whether extraordinary and compelling reasons warrant a
sentence reduction.  Cisneros's medical conditions make it all
the more appropriate for this court to scrutinize the disparity
between his adjudged sentence and the sentence he would likely
receive if the case were heard today.  At this point, the court
determines that extraordinary and compelling circumstances
justify Cisneros's early release.

### D.   Section 3553(a) Factors Support Compassionate Release.

In evaluating whether early release is justified, this
court must also consider the factors set forth in 18 U.S.C. §
3553(a).  Four factors are of particular relevance in this case.
First, this court is confident that a reduced sentence would
properly "reflect the seriousness of the offense, [] promote
respect for the law, and [] provide just punishment for the
offense."  18 U.S.C. § 3553(a)(2)(A).  Cisneros has already spent
over 23 years in prison, which is a lengthy sentence by any
measure, but especially so when compared to the sentence he would
likely receive under current law.  Had he been sentenced under
today's law, Cisneros would have been subject to a 15-year
mandatory minimum for his drug offense.  While his guideline
range might have taken him above the minimum, not even a lengthy
sentence for his illegal entry would have warranted a life

10

sentence.  Probably, he would have been released by now.
Congressional updates to the sentencing regime reinforce the
court's determination that the 23 years Cisneros has now served
are sufficient to reflect the seriousness of his nonviolent
offenses.

        The second particularly relevant factor is whether a
reduced sentence would "afford adequate deterrence to criminal
conduct."  18 U.S.C. § 3553(a)(2)(B).  The court is confident
that a sentence of time served plus three days (to allow for
administrative arrangements to be made relating to his shortened
sentence) would adequately deter criminal conduct.  As with the
first factor, recent statutory changes to the sentencing regime
attest to the deterrent effect in a case of this kind.

        The third factor of particular relevance here is
whether the sentence would "protect the public from further
crimes of the defendant."  18 U.S.C. § 3553(a)(2)(c).  In this
case, the court is confident that a reduced sentence will ensure
the public's safety because Cisneros has now presented compelling
evidence of his rehabilitation.  Before filing his present
motion, Cisneros had been disciplined for fighting.  *See*
ECF No. 118-1, PageID # 667. He has now gone more than two years
without receiving a disciplinary infraction.  *See id*.  During
this time, Cisneros has focused on self-improvement,
participating in approximately 50 educational courses since 2020.

11

*See* ECF No. 118-1, PageID # 671-72; *see also* ECF No. 122-2, PageID # 684-85.

The Government argues that Cisneros is still a threat to public safety, and that his recent good behavior and educational activities say little about his rehabilitation. *See* ECF No. 123, PageID # 697-701. The court is not persuaded by this argument. Cisneros has demonstrated an ability to stay out of trouble and a motivation to better himself. And apart from his involvement in a fight two years ago, he went 17 years without being disciplined for a violent incident. Because the court is persuaded that Cisneros is rehabilitated and because his underlying offenses were nonviolent, the court is confident that a reduced sentence will not jeopardize public safety.[1]

The court has also considered whether a reduced sentence will impede the defendant's "needed educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D). Cisneros has already engaged in numerous educational activities, including many related to the development of professional skills. *See* ECF No. 118-1, PageID # 671-72; *see also* ECF No. 122-2, PageID # 684-85. He has earned his GED while in prison. *See*

---

[1] In his motion, Cisneros argues that he poses no public safety threat in part because he will likely be deported upon his release from prison. *See* ECF No. 118, PageID # 662. The court agrees with the Government that this potentiality should not factor into the court's analysis.

ECF No. 118-2, PageID # 671.  Besides avoiding any disciplinary
infractions in the last two years, he has received positive
evaluations for his work as a housing unit orderly and, according
to the Bureau of Prisons, "maintains a good rapport with staff
and inmates."  *See* ECF No. 118-1, PageID # 665–67.  The record
indicates that a reduced sentence will not interfere with
Cisneros's training, care, and treatment.

**III.      CONCLUSION.**

Under § 3582(c)(1)(A), only extraordinary and
compelling reasons justify a reduction of a prison sentence.
Having considered Cisneros's health conditions and the disparity
between his sentence and the sentence he would likely receive
today, this court determines that it has before it extraordinary
and compelling reasons warranting a sentence reduction and that
the § 3553(a) factors support a sentence of time served.

Cisneros's motion for compassionate relief is granted.
His sentence of incarceration is reduced to time served plus
three days.  Upon release from custody, Cisneros shall begin
serving a 10-year term of supervised release. This term was
previously ordered by the court.[2]  He shall abide by all

---

[2] The court's understanding is that Cisneros is subject to
an immigration detainer. Cisneros is on notice of possible
immigration consequences and has nevertheless sought the relief
this court now grants.

mandatory, standard, and special conditions, which shall be set forth in a separate document.

It is so ordered.

DATED: Honolulu, Hawaii, December 5, 2022.



/s/ Susan Oki Mollway

Susan Oki Mollway

United States District Judge

*United States v. Christopher Jose Cisneros*, CR. NO. 99-00107-SOM, ORDER GRANTING
DEFENDANT CHRISTOPHER JOSE CISNEROS'S MOTION FOR COMPASSIONATE RELEASE

14